Livingston, J.
delivered the opinion of the court. The motion cannot be granted. Great strictness was formerly observed in preventing two distinct causes of action being joined in the same declaration. Many of the old cases, however, have been overruled, and are not now regarded as law. But notwithstanding some relaxation in this respect, courts seem averse to permitting actions for torts to be blended with those *on contracts— either because they required different pleas, or because the judgments are not the same. These are the reasons generally assigned. It may seem arrogant, after they have been so often repeated, to say there is not much weight in either of them. A plaintiff may declare in one suit, on twenty different notes or simple contracts, to every one of which there may be a distinct defence. To one may be alleged duress — to another infancy — coverture to another^— usury to a fourth, and so on. On some of the counts there may be judgment for the plaintiff, and on others for the defendant. These variety of pleas must all be tried at once, and be spread on one record, but still no objections on that account are listened to, if all the counts are laid “ quasi ex contractu. Every suit, therefore, should have been confined to a single cause of action, or some better reason assigned for erecting an insurmountable barrier between tbrts and eontracts.(a) It is as easy to try an assault and battery, on not guilty pleaded, and the validity of a promissory note, on non assumpsit, in one action, as it is in any other two pleas where both the counts are on contract. Nor do we we see any difficulty in rendering as appropriate a judgment in one ease as the other. If there be a verdict in favor of the plaintiff, on the count as well for the battery, as on the plea of non assumpsit, and separate damages, *217 as there might be, where would he the difficulty of entering the same on the roll according to the finding of the jury, of applying them to llie proper counts, and of rendering a judgment “that the plaintiff recover against the defendant his said damages, by the jury aforesaid in form aforesaid assessed, as also his- costs, &c. which damages and costs amount in the whole to so much.” However practicable this may be, (and there is no more difficulty in it than what may arise every day from joining several causes of action of the same kind in one declaration,) we are not for departing from established precedents. Although far from being satisfied with its reason, the practice itself is salutary. Joining several causes of action in one writ must perplex jurors, and create more or less confusion on the record. But whatever may be the reason for separating torts and contracts, these counts do not militate against the rule which has been adopted in England, which is, “ that two counts may be joined in the same declaration when their nature is the same, so that the same plea may be pleaded, and the same j udgment given.”(a) Mast v. Goodson, Black. 848. Brotan v. Dixon, 1 D. & E. 274. Dixon v. Clifton, 2 Wils. 319. In the first of these *cases there were two counts, one on a special agreement (or contract) by the defendant, for a valuable consideration, to permit the plaintiff to land his goods on the defendant’s close: the breach assigned was an obstruction in landing the goods; the other was in trover for goods and coal. There was a general verdict; and the court were unanimous that these causes being both founded in tort, notwith standing the form of declaring, might well be joined. It-is true that the defendant had pleaded not guilty to both counts: and so he might have done here; for the plea of *218 not guilty was not to his agreement, or undertaking, but to the charge of obstructing the plaintiff in violation of it So here, the breach assigned is, “ the defendants’ deceit in delivering a diseased horse, after undertaking to deliver one that was sound.” This was as much a misfeasance and a tort as obstructing the plaintiff in the use of a close, after having promised to let him enjoy it, and might have been answered, or put in issue, by not guilty.
In the case cited from D. & E. the plaintiff had, to a count for the wrongful conversion of a spaniel, joined one for a breach of promise in not returning him ; and on demurrer the court held the declaration good, because not guilty might be pleaded to the whole. In the case in Wilson, a count for misfeasance in not delivering certain malt, and one in trover, were permitted to be joined. So you may declare against a carrier on the custom of - the realm and in trover.
There are some cases which seem opposed to these which have been cited, and particularly one in Benninsgage v. Ralphson, 2 Show. 250, pl. 256. Where the plaintiff declared, as here, on an assumpsit and on a warranty, and it was adjudged they-could not be joined; but modern prao-tice appears more reasonable, and is sufficiently established to form a precedent. This motion, too, is made after the merits have been fairly tried, and a verdict been found for the plaintiff, which it is our duty to-support if possible.
Upon the whole, as the gist of the action in both counts was a deceit, or misfeasance, in delivering the plaintiff a distempered horse, and as not guilty might have been pleaded to both, the plaintiff is within the rule that has been mentioned, and is entitled to judgment.
The plaintiff having taken a verdict on the second count, the regular way will be to enter one for the defendant on the' other, as it is done in all cases where there is a different finding on different counts. I will only subjoin that there will *be no inconsistency in perfecting the roll in this way, notwithstanding the plea *219 of guilty to one of the counts, which shows as has already been- remarked, that the perplexity arising from the pleas not being the same, cannot be a good reason for not permitting actions for wrongs to be joined with those on con tract. [1]
Motion denied.

 The rule as now settled in the English courts seems to be, that where the injury arises out of a breach of contract, the action, though laid in tort, shall be deemed to arise ex contractu. See Powell v. Layton, 2 New Rep. 365; Max v. Roberts, ibid. 454, affirmed on a writ of error, 12 East, 88, and Weal v. King, ibid. 452, overruling that of Govett v. Radnidge, 3 East, 62

 Mr. Tidd says tiña rule is not correct. That the result of the oases is, where the process, or plea and judgment, are different, the actions cannot be joined. Tidd's K. B. 12, n. (to) Mansfield, Ch. J. of C. B., says the propriety of'joining “ depends nbl on the judgment only but on the form of the plea also. 2 Now Rep, 374.

 See Case v. Boughton, 11 Wend. 106.