## ARGUED AND DETERMINED

IN THE

# COURT OF COMMON PLEAS

FOR THE

## CITY AND COUNTY OF NEW YORK.

---

### JOHN W. FOWLER v. ALFRED ABRAMS.

An action on the case in the nature of deceit, will lie for a false warranty on a
sale of goods, if the warranty be express; although assumpsit *is*, in modern
times, the more usual remedy.

In such an action, it is not necessary to allege or prove that there was fraud on
the part of the seller. It is enough to aver and establish the warranty, and that
the warranty is false.

If fraud be averred, it is not necessary that it should be proved to entitle the plain-
tiff to maintain the action.

Therefore, where the plaintiff averred that the defendant, " by falsely and fraudu-
lently warranting a horse sold by him to the plaintiff," etc. (in the ancient form of
declaration in actions on the case for a false warranty), and, on the trial, proved.
an express warranty and that it was false; *held*, that he was entitled to recover,
although the jury found specially, that there was no fraud.

Under such circumstances, the plaintiff cannot issue an execution against the
person of the defendant.

Whether, in an action on the case in the nature of deceit, for a false warranty,
where the *scienter* is averred and established, the measure of damages will be
confined strictly to the difference in value? *Quere.*

THIS case came up on the defendant's appeal from a judg-
ment, entered under the direction of a judge at special term,

VOL. III.                          1

upon the verdict of a jury. The questions involved arose upon a refusal to nonsuit, at the trial, and upon the charge to the jury. The facts are fully stated in the opinion.

*Ambrose L. Pinney*, for the defendant, made and argued the following points:

First. The counts in the complaint are all sounding in tort —there is no count of assumpsit upon which the plaintiff can recover upon proof of a simple contract.

Second. Assumpsit is the proper action upon a warranty. (3d Cowen's R. p. 272.) Where, however, there has been fraud, then the party may declare as for a false and fraudulent warranty; in the latter case the gist of the action is fraud, and the result of a tortious act in the former a mere breach of contract. (Cowen's Treatise, 318–19.) The two kinds of actions are so distinct from each other, that they cannot be joined. 1st J. R. 503. They require different pleas. In the present case the answer of the defendant is, that he did not falsely and fraudulently, etc.; not that he did not warrant, for that he would not deny. He denies the tortious act, and the plaintiff is permitted *to convict* him by proving a simple contract that the defendant never denied.

Third. If the complaint shows on its face that the defendant was guilty of fraud, an execution goes against the body as of course. (Code, sec. 288, and note to Voorhies' ed.; *Cooney* v. *Van Renselaer,* 1st Code R. p. 38.)

*George W. Stevens*, for the plaintiff.

By the Court. WOODRUFF, J.—This is an action on the case for a false warranty. The plaintiff complains, that he bargained with the defendant to buy of him a horse, etc., and the said defendant, by falsely and fraudulently warranting the said horse to be sound, etc., then and there sold the said horse to the said plaintiff for $150, then and there paid to him by the plaintiff for the same; that the horse, at the time, etc.,

was not sound, but was unsound and diseased, etc., and by means of the premises the defendant falsely and fraudulently deceived the plaintiff, etc., and by such false and fraudulent warranty of the said horse by the defendant the plaintiff has sustained great injury, etc., etc., ad damnum, etc., $300.

This form of action upon an express warranty has been to a great extent supplanted by the more common action of assumpsit. It has, however, the fullest sanction of authority, both ancient and modern.

The form of complaint used by the pleader in this case is taken from 2 Chitty's Pleadings (4th Am. ed.), p. 316, and is to be found in 3 Wilson's Reports, p. 40 to 43; and a note to Chitty refers to several ancient books of precedents as the guide of the writer in introducing it into his volume; and the cases and authorities which I shall have occasion to notice do not leave it doubtful that (although assumpsit is now the usual remedy for the breach of an express warranty) the action on the case was formerly the common remedy, and may still be used, if the pleader think proper. The reason given by Mr. Chitty why assumpsit is more generally used, is, that if that form of action be adopted, the count for money had and received to the plaintiff's use may be added, which is often convenient. (1 Chit., 140.)

I should not deem it necessary to multiply authorities on this point, had not the history of the present case and the earnest and apparently confident views of the defendant's counsel rendered it important to inquire precisely what is the nature of the action and what is essentially requisite to its maintenance.

The defendant's answer put in issue all the averments in the complaint, and when the cause came on for trial the plaintiff proved an express warranty of the horse by the defendant, in writing, at the time of the sale, incorporated in the receipt given for the purchase money, and in the words described in the complaint; also, the sale and delivery by the defendant, and that the horse was not sound, but diseased, etc., and that the difference in value between the horse as he was and his value, if sound, was $100; but gave no evidence that the

defendant knew at the time of the sale that the horse was not sound, or other proof of fraud than the representation of the defendant that the horse was sound, and the giving of the warranty.

The defendant offered no evidence, but insisted that there could be no recovery, in this form of action, without proof of fraud. The judge having denied a motion for a nonsuit, charged the jury that it was not necessary for the plaintiff to prove fraud in this case to entitle him to recover; *i. e.* that if the horse was not sound at the time of the sale, the plaintiff was entitled to a verdict. But in order that the defendant might, if so advised, present the question of law in a form which might save the expense of a new trial, if such charge were erroneous, he also directed the jury to find specially whether the warranty was fraudulent as well as false. To which the jury answered that it was not fraudulent. Judgment was ordered for the plaintiff, upon the verdict, at special term; and now, on appeal, the defendant seeks to reverse, on the ground that there can be no recovery in this form of action, unless fraud be established.

The argument of the appellant proceeds upon what I deem the mistaken idea that there is no action upon the warranty, except the action of assumpsit, and that when case is brought, as for a tort, it is grounded solely on the fraud, and that the latter is the gist of the action, without proof of which there can be no recovery.

I was of opinion, on the trial, that this was an error, and my examination of the subject, on this appeal, confirms me in that opinion.

It will appear, on examination, that there is an action of assumpsit for the breach of a warranty, express or implied, which is founded upon the promise, and in which it is wholly immaterial whether there was fraud or not; an action of assumpsit to recover back the money paid, where the breach of warranty was such as to authorize the plaintiff to rescind the sale or return the property, and that has been done, or where the thing sold proves utterly worthless; an action on the case

for deceit, where there is no express warranty, nor words amounting to a warranty, which action is grounded on the deceit or fraud only, as the gist of the action, and in which fraud must be proved ; and lastly, an action on the case for a false warranty which, though in form *tort*, is in substance an action *ex contractu*. This action lies, if the warranty be false. The warranty and its falsehood are all that are essential to its maintenance. The action lies, although there be no fraud nor knowledge of its falsity on the part of the seller; and as a necessary corollary, if fraud or *scienter* be alleged, it need not be proved, if the false warranty is established. It is usual, even in this form of action, to allege that the injury was committed by falsely and fraudulently warranting, etc.; and Mr. Chitty, in speaking of the party's election to bring assumpsit for the breach of the warranty or case in the nature of deceit for a false warranty, says, if there have been any actual fraud, independent of the written contract, the latter is the preferable form of action, " especially as the *scienter*, though expressly stated in the declaration, needs not to be proved." Doubtless it may be proved, and if it be established, the measure of damages may not be confined strictly to the difference in value; as to which, however, it is unnecessary to express any opinion. (See Story on Sales, § 436 ; 1 Selw., 533, tit. " deceit.") While on the other hand, in the action of assumpsit on the contract of warranty, express or implied, the plaintiff is not at liberty to prove fraud. (*Evertson's Ex'rs* v. *Miles*, 6 Johns. R. 138.)

The two propositions which it is proper to examine, and which, if correct, sustain the judgment in this case, are—

First. That an action on the case, in the nature of deceit, will lie for a false warranty, whether fraudulent or not.

Second. That if such warranty be averred to be fraudulent as well as false, it is not essential to the maintenance of the action that the fraud be proved.

Suppose, then, the present complaint had averred simply that the defendant, by falsely warranting, etc., sold, etc. (omitting the *fraudulenter*), would the action lie? I should not, as I have above suggested, deem it necessary to cite authority on

this point, had not my ruling on the trial been an apparent surprise to the counsel, and had not the contrary been insisted upon with great earnestness and sincerity.

That this is an allowable remedy for a false warranty, and formerly the usual if not the only form of the action, appears by the digests, treatises and reports from Rolle's Abridgment and the Year Books down to the present day. Confessedly the action is in form for a tort, and a false warranty wast reated as tort, but it is a tort in its character, arising *ex contractu,* and the warranty is of the substance of the action to such an extent that all the parties to the warranty, when it is joint, must be made defendants, and when the false warranty is averred to have been by two or more, the proof must charge them all or there can be no recovery. (See 12 East, 452, and note below cited.)

The action does not in theory proceed upon the contract by way of affirmance, and a setting up of the contract, as such, as the basis of recovery, but as the means of injury. Examples of the earlier actions on the case for deceit in sales, where there is no warranty, in which fraud must be proved, and in sales for a false warranty, both with and without fraud, may be found cited in 1 Viner's Abr. "Actions;" "deceit in nature of case upon a warranty in law," P. b. page 560; and in what cases it lies upon an express warranty, Z. b. page 578; going back at least as early as 11 Henry 6th (A.D. 1433). The same may be found in 1 Bacon's Abr. "Actions on the case," E. "for fraud and deceit in contracts on an express or implied warranty," p. 79 and 81. So, also, Comyn Dig. "Actions on the case for a deceit," A. 11, p. 167, "for a false warranty." This subject is discussed and the rule stated in conformity with the above views, in Selwyn's Nisi Prius, "deceit on express and implied warranties," and in the notes to Wheaton's Selw. 4th Am. ed. p. 533 to 542, as well as in Chitty on Pleadings, above referred to, and in Dale's case, Croke, Eliz. as early as 1586. This form of action appears to be deemed proper for a false affirmation, amounting to a warranty.

In *Beningsage* v. *Ralphson,* 2 Show. 250, A.D. 1682, it appears not only that an action on the case for a false warranty was ap-

proved, but that that action could not be joined with an assumpsit. The reports of this case in Show. and 1 Skin. 67, do not agree respecting the ultimate disposition of this case, but Shower says (he being of counsel), " we afterwards were forced to declare in deceit only and recovered."

In *Mew* v. *Russell*, 2 Show. 284 (A. D. 1683), the action was case on a warranty, but the precise form of declaring differs from the present, and it appears that the usual form then employed was " warrantizando vendidit," which is the form in the present action.

In *Cross* v. *Gardner*, 1 Show. 68, and 3 Mod. 261 (A. D. 1688), it was doubted whether the action on the case would lie for a false affirmation without a warranty, but it was not only not doubted that it lay where there was a warranty which proved false, but the argument was that the action ought to be " warrantizando vendidit." In that case the plaintiff had judgment, although there was no averment that the defendant knew the affirmation to be untrue.

In *Chandelor* v. *Lopus*, Cro. James 4, where the action was on the case for selling a stone which the defendant affirmed to be a bezoar stone when it was not, but the declaration neither averred the *scienter* nor a warranty, the court held the declaration ill, and the opinion of the court proceeds according to the report in Croke, and a note of the case in 1 Dyer's Rep. 75, a, upon this distinction that the action on the case will not lie for a false affirmation (not amounting to a warranty), without fraud, but otherwise although no fraud if there be a warranty.

*Stuart* v. *Wilkins*, 1 Doug. 18, is, I think, the first reported case in which any other action than an action on the case in the nature of deceit was brought for a false warranty, and it was there argued that our present mode of declaring in assumpsit for breach of warranty was bad. The declaration was, however, sustained, and it was stated that such a sort of declaration had been used for twenty years, and the advantage of declaring sometimes in assumpsit is there stated to be as given by Mr. Chitty (*ut sup.*), that the count for money had and received may be added. In this very case, however, Lord Mansfield

states the precedent as a departure from the old rule, and the defendant's counsel argued that the declaration ought to be as in former cases, " by warranty he sold," etc.

After the decision in *Stuart* v. *Wilkins*, the practice of declaring in assumpsit upon express warranties became general, but not universal. The cases which are referred to in considering whether it is necessary to prove fraud when it is averred, also show that the action on the case will lie, and that the remedy by action on the case as for a tort, or the action of assumpsit upon the warranty, as a contract or promise, are either of them proper. I refer particularly to *Williamson* v. *Allinson*, 2 East, 446, A. D. 1802; *Weall* v. *King*, 12 East, 452, A. D. 1810; *Gresham* v. *Postan*, 2 Carr. and P. 540, A. D. 1826, and *Jones* v. *Bright*, et al. 5 Bing. 533, A.D. 1829.

The case of *Hallock* v. *Powell*, 2 Caines, 216, would seem, from what is said of it in 6 Johns. R. 142, to have been case for a deceit by means of a false warranty, but the pleadings are not stated with such particularity that any light can be gathered from it bearing on the question.

It is urged by the defendant's counsel that *Executors of Evertson* v. *Miles*, 6 Johns. 138, is an authority to show that an action on the case will not lie for a false warranty, and that assumpsit is the only form of action unless fraud is alleged and proved. This is a misapprehension of the scope and effect of that case. That decision was grounded upon *Stuart* v. *Wilkins*, 1 Doug. 18, holding that assumpsit is a proper form of declaring. The reporter, in his marginal note, says that assumpsit is the proper form of action, but the opinion of the court does not warrant any implication that it is the only allowable form; it simply affirms the case in Douglas, and states it to be the modern practice to declare in that form: and the court then proceed to consider whether, in assumpsit, where there is no charge of fraud, the plaintiff shall be permitted to prove that the defendant acted fraudulently; and the court say : "To justify the proof offered, it ought to have been charged that the defendant falsely and fraudulently represented," etc. * * "There is no case which permits a plaintiff to establish deceit and

Fowler *v.* Abrams.

fraud when he declares only in assumpsit on a warranty, express or implied."

This is by no means holding that an action on the case will not lie for a false warranty, whether fraudulent or not. At most it amounts to this: In assumpsit, it cannot be proper to allege, nor is it competent to prove fraud; in case, where the deceit is the gist of the action, as where there is no express warranty, nor words amounting to a warranty, fraud must be both alleged and proved; and that in case for a false warranty fraud may not be proved unless it be alleged. It in no sense follows that the action on the case in the former mode of declaring is not a remedy concurrent with the action of assumpsit, or that it will not lie, whether fraud be alleged or not, where the warranty is express. The cases above and below cited establish the contrary, and make it, in my opinion, clear that an action on the case will lie for a false warranty, whether fraudulent or not.

And hereupon the second question arises: If such warranty be averred by the plaintiff to be fraudulent as well as false, can the action be sustained without proof of the fraud? This is supposed by the defendant's counsel to be the point of difficulty in this case.

To my mind it seems hardly necessary, after what I have said, to enter upon any discussion; an affirmative answer to the question seems inevitable. From 1586 to certainly as late as 1829, it is held that an action on the case will lie for a false warranty—that if the warranty and its falsity be established (that being the means whereby the seller procured the sale and obtained the money) it is enough—the allegation that it was also fraudulent does not prevent a recovery.

The allegation of fraud is either essential to a recovery or it is not; if it is not, then the plaintiff having proved all that is essential, may have judgment, notwithstanding he has made averments which were unnecessary, of which he has given no proof.

Cases are above cited which show that the averment of fraud is not essential to this form of action, in a false warranty,

and the case of *Medine* v. *Stoughton*, 1 Ld. Rayd. 593, shows not only that it was not necessary to aver or prove fraud, but that proof of *bona fides* was no defence; and to the like effect is *Northcote* v. *Maynard*, mentioned in 1. Vin., p. 565, where it was held that the action lay without the *scienter*.

A few modern cases are distinct and clear upon the question, and they cover both inquiries in the present case.

In *Williamson* v. *Allinson*, 2 East, 446 (A,D. 1802), the first count of the declaration was in nearly the identical words of the present complaint, and all the counts were counts in case charging the *scienter* and deceit, and the plea was not guilty. In that case, as in this, the plaintiff proved the warranty, and that the wine warranted was sour, etc.; but gave no proof of fraud, nor that the defendant knew the wine was unsound. The very question upon which the present appeal was taken, was there discussed on a motion to set aside the verdict, and it was decided by the concurring opinions of Lord Ellenborough, Ch. J., and Lawrence and Le Blanc, JJ. that the averment that the warranty was fraudulent, was not essential; that the right to recover in tort was clear upon showing a warranty, and the breach of it; and in short, that in an action on the case in tort, for a false warranty of goods, the *scienter* need not be charged, nor if charged, need it be proved; and Ellenborough, Ch. J. alludes to the fact that the action of tort in such cases has gone out of general practice, because assumpsit is found more convenient, but, nevertheless, sustains the action; nor did either of the judges nor the counsel for either party, doubt that it was sustainable.

In *Weall* v. *King et al.* 12 East, 452, (A. D. 1810), the declaration was in case against two defendants in nearly the very words of the present complaint. There was no proof of fraud, and the evidence proved a warranty by only one of the defendants. Lord Ellenborough, in giving the opinion of the King's Bench, discusses the nature of the action, and declares it an action for deceit, founded in tort; that torts are in their nature several; but yet holds that the contract is so far the

essential ground of recovery, that it being averred to be a joint warranty, there can be no recovery without proving it as laid. See note 1, to this case, and cases therein cited.

So in *Prosser* v. *Hopper*, 1 Moore, 106 (1817), Lord Ch. J. Gibbs says, " If you had declared in tort, the *scienter* need not have been proved."

*Gresham* v. *Postan*, 2 Carr. and Payne, 540, (A.D. 1826), was an action on the case for falsely warranting a horse to be quiet, when he was not; and the declaration averred that the defendant well knew the horse to be unquiet. No proof of any such knowledge being given, it was held, that it was not necessary in this action (where there was an express warranty) to allege that the defendant knew the horse to be unquiet, and it being unnecessary to allege it, it need not be proved. And the distinction which I have stated above, between cases in which there is a warranty, and those in which there is fraud or deceit, without warranty, is recognized by Abbott, Ch. J., in *Horncastle* v. *Moat*, 1 Carr. and P. 166.

Again, *Jones* v. *Bright, et al.* 5 Bing. 533, (A.D. 1829), was an action on the case in the nature of deceit, and the form of the declaration was the same adopted by the plaintiff in the present case. It was strenuously argued that under the circumstances of that case there was no warranty by the seller. The court held that there was; and having decided that there was a warranty, the court were unanimous in holding that although no fraud was proved, the plaintiff was entitled to recover. Indeed, the argument of the defendant's counsel concedes, that if there be a warranty no proof of fraud was necessary to support the action.

The case of *Defreeze* v. *Trumper*, 1 Johns. R. 274, appears by the report to have been in form an action on the case, and yet the Supreme Court sustained it, although there was no evidence of fraud. The case of *Wilson* v. *Marsh*, 1 J. R. 503, does not conflict with the cases above cited from the English reports; it only holds that a count in case for deceit, cannot be joined with assumpsit; and that where there is no warranty, you must prove the deceit. And so of *Thompson* v. *Ashton*,

14 J. R. 316. The point was, that proof of a custom is not admissible to establish an implied warranty, and therefore, unless fraud were established there could be no recovery. But the opinion of the court evidently recognizes the views above suggested, that an action on the case lies for a false warranty (as well as the action of assumpsit); and in that action the warranty must be proved; and also that an action on the case lies for fraud and deceit without warranty, in which case the fraud must be proved. For although it was stated that " this was an action on the case to which the defendant pleaded not guilty," the court says " it does not appear from the case whether the action is founded upon a warranty or fraud in the sale ;" and then having shown that the plaintiff proved neither warranty nor fraud, they affirm the nonsuit.

In *Bartholomew* v. *Bushnell*, 20 Conn. 271, which was an action on the case, the subject is discussed at considerable length. The declaration there was like the present, that the defendant, " by falsely and fraudulently warranting," sold " two horses to the plaintiff," etc.; and the court held it was erroneous to reject proof that there was no actual warranty ; that proof of fraud without a warranty would not support the declaration ; and that if there was a warranty, it was immaterial whether the defendant's knowledge of the unsoundness was proved or not. (See also, *Massie* v. *Crawford*, 3 Munroe, 218 ; *Towell* v. *Gatewood*, 2 Seam. 22 ; *Vail* v. *Strong*, 10 Verm. 457.)

The proposition that it is not necessary to aver the *scienter* in an action on the case for a false warranty, is distinctly stated by Edmonds, P. J. in *Holman* v. *Dord*, 12 Barb. 339. In that case it would seem that fraudulent representations amounting to a warranty were stated in the complaint ; fraud was therefore alleged, and the judge says, " It is evident there was a false warranty " and " it is enough to aver and prove that the warranty was false, and the purchaser was deceived by it."

Upon this review of cases and precedents, I cannot doubt that the ruling on the trial was correct.

It is suggested that upon the record as it now stands, the

body of the defendant will be liable to be taken in execution, because by the Code, § 288 and § 179, execution against the body issues where the action is one in which he might have been arrested. There is no just foundation for this apprehension. If it be true, as I think is above shown, that in this form of action the plaintiff may recover without proving fraud; then *this record* will not show that any fraud was committed. All that appears by the record of the judgment herein, is that the plaintiff proved all that was essential to his recovery. Besides, by the terms of § 271, the judgment roll must contain the verdict, and that verdict expressly finds that there was no fraud, and of course no execution against the body can issue.

And, still again, in the view above taken of the action for a false warranty, it is an action " arising out of contract," in which there can be no arrest of the body without a special order.

Judgment affirmed.