# IN GENERAL TERM, 1873.

MARTIN H. CRANE ET AL., APPELLANTS *v.* JOHN M. LORD.

WARRANTY—*implied.*

Where a manufacturer agrees to manufacture and furnish any article for a special purpose, and it is supplied and sold for that purpose, the law implies a warranty that it is reasonably fit for that purpose.

*Taylors*, for appellants.

*Hendricks, Hord & Hendricks*, for appellee.

RAND, J.—This is a suit upon an account for a furnace put in defendant's house by plaintiffs for the purpose of heating the same.

Defendant answers in three paragraphs. The two first set up that plaintiffs expressly warranted that the furnace would sufficiently heat two halls, seven rooms and a conservatory attached to the house, and would require less fuel than the furnace already in the house; and it is alleged that the plaintiffs' furnace put into defendant's house required more fuel than the one before used, and that it would not sufficiently heat said two halls, seven rooms and conservatory, and as soon as defendant discovered that to be the case he immediately notified plaintiffs and requested them to take the furnace out. The second paragraph, in addition, avers that the furnace was worthless. The third paragraph is in effect upon an implied warrantee. It alleges that the plaintiffs were manufacturers of furnaces, and knowing that defendant wished a furnace for the special purpose of heating his house, they undertook to furnish one for that purpose, but the one furnished did not reasonably fulfill the

purposes for which it was intended, and by reason thereof the defendant had sustained damages in the sum of $500..

There were demurrers to each paragraph of this answer which were overruled and excepted to. No defects have been pointed out in either of them, and we discover none. If, however, the first and second are bad, the plaintiffs are not injured, because the Court trying the case expressly found there was *no express warrantee.* Issues were formed on these paragraphs, and the Court found under the third paragraph that there was an implied warrantee, and allowed defendant damages for the breach thereof.

If there was no error in this then the case must be affirmed.

Section 371, in *Story on Sales,* reads as follows:

· *Thirdly.* Upon an executory contract to manufacture an article, or to furnish it for a particular use or purpose, a warranty will be implied, that it is reasonably fit and proper for such purpose and use, as far as an article of such a kind can be. * * * * * Thus, when copper sheathing was ordered for the purpose of sheathing a vessel and the sellers were to manufacture it, and it proved to be wholly worthless for such a use, it was held that, although no fraud was imputable to the vendors, yet as the vendors knew that it was to be applied to the purposes of sheathing a vessel, a warranty was implied on their part, that it was fit for such purpose."

*Parsons,* in his works on contracts, vol. 1st, page 448, says: " If a thing be ordered of the manufacturer for a special purpose, and it be supplied and sold for that purpose, there is an implied warranty that it is fit for that purpose. This principle has been carried very far. It must, however, be limited to cases where a thing is ordered for special purposes, and not applied to those where *a special thing is* ordered, although this be intended for a special purpose."

In the case of *Brenton* v. *Davis*, 8 Ind. 317, our Supreme Court has fully recognized the doctrine, that where a manufacturer undertakes to furnish a manufactured article for a particular purpose, the law implies a *warrantee* that it is reasonably fit for that purpose.

In the case at the bar the evidence shows that plaintiffs were manufacturers of *furnaces*, and that the defendant wanted one suitable to heat two halls, seven rooms, and a conservatory attached thereto ; that the plaintiffs first examined the house, and with a full knowledge of what defendant wanted, undertook to furnish a furnace for that purpose—that they furnished one ; and that it did not reasonably fulfill that purpose.

It is true there is some conflict in the evidence on some of these points, but the Judge trying the case had the witnesses before him, and could best judge of their credibility. We cannot disturb that finding, and we may add that we concur in the conclusions he came to on the evidence.

It is contended that the last clause of the paragraph quoted from Parsons' *Supra*, " where a *special thing* is ordered, although this be intended for a special purpose, there is no *implied warrantee*," is applicable to this case. We do not so understand it. If the defendant had gone to the plaintiffs and *selected one of their furnaces already manufactured*, then that principle would be applicable. But that was not the case, as we have already shown.

The judgment at Special Term is affirmed.

NOTE.—The law implies in sales of articles by the manufacturer of them that they should be of merchantable quality. *Laing* v. *Fidgeon*, 6 *Taunt* 108 ; *Gardner* v. *Gray*, 4 *Camp* 144, 169.

This rule is based on the manufacturer's means of knowledge, and the presumption of his actual knowledge of any defect, and is interpreted to include sales of other articles to be furnished, or which the purchaser had

Crane *et al. v.* Lord.

no opportuuity to inspect. *Waring* v. *Mason*, 18 *Wend.* 425; *Fish* v. *Rose-berry*, 22 *Ill.*, 288.

Another, or second exceptional rule in law, requires that the thing sold should be reasonably fit for the purpose for which the vendor knew it was intended by the vendee, although such purpose was not named in the warranty.

This rule is now established in England, and is fully recognized in New York, and other States. *Sedgwick on Measure of Damages*, 328, N.

See, also, cases there cited, holding that the "damages, flowing beyond the bounds which limit the responsibility for any ordinary breach of warranty, include compensation for the mischief resulting from the failure of the article warranted, to answer the special purpose to which it is applied."

A furnace having been delivered and put up on the following order: "Send me your patent hopper, and apparatus to fit up my brewing copper with your smoke-consuming furnace," was found not to answer the purpose of a brewer. "*Held,*" there was no implied warranty it should be fit for the purposes of a brewery, and that the defendant having defined the particular machine wanted, the plaintiff fulfilled his contract in sending it." *Chanter* v. *Hopkins*, 4 *Meeson & Welsby's Reports, Ex.* 399.

Upon all sales of personal property by one in possession, the law generally implies a warranty. See *Chitty on Contracts, p.* 447, *n.* 1.

A machinist selling a worthless machine for a good one, is liable whether aware of the defect or not. 1 *Meigs,* 155.

"In case of an executory contract to furnish an article for a certain purpose, the article may be returned within a reasonable time after it has been found not to satisfy the contract, although the contract contains no stipulation for such return." *Freeman* v. *Clute,* 3 *Barb.* 424, and in case of articles manufactured for particular purposes, an implied warranty exists that they are reasonably fit and proper for such purpose. 5 *Bing,* 533, *S. C* 3, *M. & P.* 155; *Howard* v. *Hoag,* 23 *Wendell,* 350; *Moses* v. *Mead,* 1 *Denio,* 378; *Bluett* v. *Osborne,* 1 *Stark R.* 384; 4 *B. & C.* 115; 1 *C. & P.* 184; *Chitty on Contracts, p.* 461, *et seq;* 2 *Camp.* 391; 3 *Camp* 226; *Beals* v. *Olmstead,* 24 *Vermont,* 114; *Gray* v. *Cox,* 6 *Dowling, and Ryland's K. B. Reports,* 200; 8 *do.,* 220; 4 *Barnwell & Cresswell Reports,* 108; 5 *do.,* 458; 1 *Carrington & Payne's Reports,* 184; 3 *Maude & Pollock's Law of Shipping,* 155; 2 *Scott,* (*New Reports*) 496; 2 *Manning & Granger's Reports,* 279; *Smith's Mercantile Law,* 630 and *n.*

If the buyer relies upon the seller's judgment, the latter impliedly warrants that the thing furnished shall be reasonably fit and proper for the purpose for which it is required—*Chitty on Contracts, p.* 451, *and note x,*—whether he is the manufacturer of the article or not. *Same—Note* 3.

The burthen of proof is on the purchaser, in all cases, to prove the breach of warranty, *in reduction of the damages*—to show that the quality of the

Crane *et al. v.* Lord.

article does not correspond with the warranty.   *Dorr* v. *Fisher*, 1 *Cushing*, 274.

The defendant's knowledge of the defect, or bad quality of the goods, need not be proved—*Williamson & Allison*, 2 *East.*, 466—and in an action for fraud in the sale, the knowledge of defect and bad quality must be brought home to the vendor.   *Bartholomew* v. *Bushnell*, 20 *Conn.*, 271; *Vail* v. *Strong*, 10 *Vermont*, 457; *Kingsbury* v. *Taylor*, 29 *Maine*, 508.   See, also, 18 *Wendell*, 449.

The rule of damages for not furnishing manufactured articles according to contract, is the difference in value between those actually furnished and such as should have been, unless they were to have been furnished for a particular use.   13 *Gray*, 429.   See 27 *Vermont*, 227—232; 9 *Wend.*, 20; 9 *Cush.*, 89

A purchaser, when sued for price of goods, may set up breach of warranty as a defense, by way of recompense, or counter claim, yet he is not bound to do so.   He may, after recovery of a judgment for the price, bring an action against the vendor for the price.   *Barth* v. *Burt*, 43 *Barb.*
[Reporter.