## Jersey Home and Land Development Company v. Philadelphia Rapid Transit Company.

*Actions—Trespass—Separate claims—Joining in one suit.*

1. Counts upon distinct and independent torts of the same nature and upon which the same judgment may be given may, as a general rule, be joined.

2. Where plaintiff's automobile was struck on two separate occasions at two different places by defendant's trolley cars, both claims may be joined in a single action to recover damages.

Affidavit of defence raising question of law. C. P. No. 5, Phila. Co., Dec. T., 1925, No. 14230.

*Joseph Gross*, for plaintiff; *Daniel J. Shern*, for defendant.

MARTIN, P. J., March 30, 1927.—Plaintiff sued to recover damages occasioned to an automobile by collisions with trolley cars operated by defendant upon two separate days at two different places.

An affidavit of defence in the nature of a demurrer was filed questioning the right of plaintiff to join in a single action the two claims to recover damages arising from separate and distinct accidents.

"Counts upon distinct and independent torts of the same nature and upon which the same judgment may be given may, as a general rule, be joined. Hence, several distinct trespasses may be counted on in the same declaration, such as trespass *quare clausum fregit* and trespass *de bonis asportatis* or trespass *vi et armis*. So, likewise, it is proper to join trespass and malicious abuse of process, or false imprisonment, or rescue, or pound breach, or counts for different assaults, libels, personal injuries, infringement of patents, obstructions of a stream, malicious prosecutions, or for slander and malicious prosecution, or for injury to the person and injury to property:" 1 Corpus Juris, 1068, § 214, Torts.

In an early case, Union Cotton Manuf. Co. v. Lobdell, 13 John. (N. Y.) 462, it was said *per curiam:* "The rule is invariable that causes of action which admit of the same plea and the same judgment may be joined." And in a still earlier case, Hallock v. Powell, 2 Caines, 216, it was said by Livingston, J.: "Great strictness was formerly observed in preventing two distinct causes of action being joined in the same declaration. Many of the old cases, however, have been overruled and are not now regarded as law. . . . Although far from being satisfied with its reason, the practice itself is salutary. Joining several causes of action in one writ must perplex jurors and create more or less confusion on the record. But whatever may be the reason for separating torts and contracts, these counts do not militate against the rule which has been adopted in England, which is 'that two counts may be joined in the same declaration when their nature is the same, so that the same plea may be pleaded and the same judgment given' " (citing cases).

Jersey Home and Land Development Co. *v.* Philadelphia Rapid Transit Co.

In Jones *v.* Conoway et al., 4 Yeates Reps. 109, there were three counts in the declaration, which included deceit and *assumpsit.* It was said by the court: "There does not appear to be any error in the joinder of the different counts in this declaration. The true distinction does not rest on the sameness of the process, plea and judgment; but on this consideration, whether the action is founded on tort or contract; if the former, it may be joined with any tort, and if the latter, with any contract."

And now, to wit, March 30, 1927, the affidavit of defence raising the question of law is not sustained.