*NEW YORK*
*October, 1814.*

CHURCH
v
MUMFORD.

Judgment for the plaintiff.

―――――✻――――――

CHURCH AND DEMILT *against* MUMFORD.

THIS was an action against an attorney, for negligence, whereby the plaintiffs lost their debt. The declaration contained three counts:

1. That the defendant, in consideration that the plaintiffs had retained him as their attorney, to commence and prosecute a suit in the supreme court, against *Burt* and *Babcock*, for a large sum of money due the plaintiffs, for certain reasonable fees and reward, to be paid him, undertook to commence and prosecute the said suit to judgment, in a skilful and diligent manner; but that not regarding his said promise, but contriving, &c., he did not commence, &c., but, on the contrary, neglected to commence the said suit, and to prosecute the said suit to judgment, for a long time after his said promise, and until the said *Burt* and *Babcock* became insolvent; whereby the plaintiffs not only lost their demand, but were obliged to pay, and had paid, a large sum of money for the costs and expenses of prosecuting the said demand.

*Where a declaration contained several counts, in each of which the gravamen stated was a tortious breach of the defendant's duty as an attorney, as well as of the implied promise arising from an employment for him; it was held, that as each count contained allegations sufficient to support it, either in tort or assumpsit, they were not incompatible, and might be joined in the same declaration.*

2. The *second* count stated the retainer, as in the first, varying only in the amount of the demand against *Burt* and *Babcock*: that the defendant, not regarding, &c., but, on the contrary, neglected his duty as an attorney, in the prosecution of the said suit, in not causing the judgments to be signed and

NEW YORK, filed until *December*, 1809, when it might and ought to have
October, 1814 been done in *May*, 1808; whereby the plaintiffs lost their debt,
CHURCH and were obliged to pay, &c.
v.
MUMFORD.    3. That the defendant, in consideration that the plaintiffs
had retained him as their attorney and agent, to secure and ren-
der certain the payment of a certain demand against *Burt* and
*Babcock*, for certain reasonable fees and reward, undertook
and promised the plaintiffs to secure and render certain the pay-
ment of the said demand, in a prudent, skilful, and judicious
manner; and that the said *Burt* and *Babcock* offered to the de-
fendant, as the attorney and agent of the plaintiffs, good, am-
ple, and sufficient security, which, although it was the defend-
ant's duty to have received, he, not regarding, &c., did not,
nor would accept of, nor receive security, to render certain
the payment of the said demand, &c.

To this declaration there was a general demurrer and
joinder.

*E. Williams*, in support of the demurrer, contended that the
declaration was bad for duplicity. The first and second counts
were in *assumpsit*, and the third in *tort;* and counts on con-
tract and on *tort* cannot be joined in the same declaration.

*Vanderlyn*, contra, insisted, that all the counts were substan-
tially alike. The third count, like the other two, is in *assump-
sit*. It is for a breach of duty, arising from the defendant's
promise as attorney or agent. There is no agency, nor any li-
ability, on the part of the defendant, but what arises from a
promise or undertaking, express or implied.

THOMPSON, Ch. J. delivered the opinion of the court. It
is, no doubt, a well-settled rule, that causes of action, found-
ed on *tort*, and upon contract, cannot be joined in the same
declaration; (2 *Saund.* 117. b. n. 1. *Chitty's Plead.* 199.) and
if the counts in the declaration of the plaintiffs are to be so
considered, the demurrer is well taken. But that does not ap-
pear to be the case. The counts are all substantially the same,
whether they are regarded as founded on *tort*, or in *assumpsit*.
The *gravamen* alleged is a breach of duty, arising out of an
employment for hire; and the same circumstances which show
a breach of duty, amounting to a *tortious* negligence, show

also a breach of promise implied from the consideration of hire. <span>NEW YORK,<br>October,1814.</span>
A party may generally declare in either way. Each count in
this declaration contains allegations sufficient to support it, <span>CHURCH<br>v.<br>MUMFORD.</span>
either in *tort*, or *assumpsit*. The two first counts set forth the
employment of the defendant as an attorney, the consideration,
and the promise or engagement on his part, and charges him
not only with a breach of his undertaking, but with a neglect
of duty as an attorney, in not commencing and prosecuting a
suit against *Burt* and *Babcock*, whereby the plaintiffs lost their
demand. The third count varies a little the cause of action,
and alleges, that the defendant, as attorney or agent, undertook
to secure and render certain the payment of the plaintiffs' de-
mand against *Burt* and *Babcock*, and a breach of such under-
taking. But it also avers, that *Burt* and *Babcock* offered the
defendant good, ample, and sufficient security for the payment
of the demand; but that the defendant, fraudulently intending to
deceive and defraud the plaintiffs, did not, and would not, ac-
cept of or receive the security. Whether the defendant is
here to be considered as charged in the character of an attor-
ney, or in that of an ordinary agent, cannot materially vary
the nature of the charge. The facts set forth, if true, clearly
show gross negligence, amounting to a *tortious* act on the part
of the defendant. The material allegations in all the counts
are substantially the same. The plaintiffs must accordingly
have judgment upon the demurrer.

Judgment for the plaintiffs.