## Howe *vs.* Cook & Maxwell.

Counts in *assumpsit* and *trover* cannot be joined in the same declaration. To justify the joinder of counts, it is not enough that they all relate to the *same subject matter*, and that the *evidence is the same* to support them ; the counts to stand together must be in the *same form of action.*

The manner in which the breach is alleged does not determine the *form of action*, as where, in a count on a *promise* implied on the hiring of a horse, it is alleged that the defendant, *contriving* and *intending to injure* the plaintiffs, carelessly, *negligently* and improperly drove, &c. ; this verbiage of the count will not convert it into a count in *case*, if it be clearly founded upon a *breach of promise* as distinguished from a *breach of duty* incumbent upon a bailee.

Error from the Cayuga common pleas. Cook & Maxwell let a horse to hire to go on a journey, to Howe, who so improperly drove the horse that he died ; whereupon an action was brought against Howe. The first and second counts of the declaration were in *assumpsit*, and the third in *trover*. The two first counts contained the usual phraseology in declarations of this kind, that the defendant, *contriving to injure* the plaintiffs, &c. so *carelessly, negligently* and *improperly* drove and used the horse that he died and was wholly lost to the plaintiffs, but were clearly founded upon the *promise* of the defendant. The defendant put in a general demurrer to the declaration. The common pleas rendered judgment in favor of the plaintiffs. The defendant sued out a writ of error.

*B. Davis Noxon*, for plaintiff in error, insisted that the demurrer was well taken for the *misjoinder* of counts, and that the judgment of the C. P. should therefore be reversed.

*I. Williams*, for the defendants in error, contended that the counts in the declaration are substantially the same, and are all founded in tort. They allege a *breach of duty*, arising out of the use of property upon hire, amounting to a tortious negligence. The plea of *not guilty* would be a good plea to the whole declaration. The two first counts, though in form *on contract*, are in substance *in case* charging the defendant with gross negligence. The counsel re-

lied upon *Church* v. *Mumford,* 11 Johns. R. 479, and *Hallock* v. *Powell,* 2 Caines, 216.

*By the Court,* BRONSON, J. In actions against bailees, attorneys and others for negligence or misconduct in the discharge of their duty, the plaintiff may in general declare either in *case* or *assumpsit.* The *gravamen* may be alleged as consisting either in a breach of *duty* arising out of an employment for hire, or a breach of *promise* implied from the consideration of hire : and other counts may be joined belonging to that form of action which the plaintiff elects to pursue. *Govett* v. *Radnidge,* 3 East, 62, 70. *Church* v. *Mumford,* 11 Johns. R. 479. Mr. Chitty gives precedents for declaring in both forms, and advises the pleader to frame his principal count in such a manner that a count in *trover* or one in *indebitatus assumpsit* may be joined, as the circumstances of the case may require.

Although the plaintiff has two modes of framing his principal count, and the evidence to support the declaration may be the same in both cases, yet other counts can only be joined when they belong to that form of action which the pleader adopts. In actions against a carrier, the plaintiff cannot declare in case for a loss of the goods, and add a count in assumpsit for money paid, or the like ; nor can he declare in assumpsit on the implied undertaking to carry safely, and add a count in trover for the conversion of the property. And so of actions against other bailees. It is not enough that the counts may all relate to the same *subject matter :* the *form of action* must be the same in all. *Brown* v. *Dixon,* 1 T. R. 274. 1 Chit. Pl. 196–7.

The two first counts in this declaration are plainly founded upon *contract.* They set forth a *promise* and the breach of it, as the cause of action. The pleader has followed, substantially the precedents for declaring in *assumpsit* against the hirer of a horse for riding it improperly, &c. ; and where this form is adopted, the common *indebitatus assumpsit* counts may be joined. 2 Chit. Pl. 145, 148. The addition of a count in *trover* was a fatal misjoinder.

The cases relied on by the defendants in error will not aid them. In *Church* v. *Mumford,* 11 Johns. 479, it was held

that the counts, whether regarded as founded on tort or in assumpsit, *were all substantially the same ;* and on that ground the demurrer for misjoinder was over-ruled. There is some difficulty in understanding the case of *Hallock* v. *Powell,* 2 Caines, 216; and it is not fully removed by the explanations which were attempted in *Evertson* v. *Miles,* 6 Johns. R. 138. It was an action on the warranty of a horse. The reporter states that the declaration contained two counts, one on the warranty, the other in assumpsit. There is nothing in this statement of the case to show a misjoinder. Both counts may have been in assumpsit; for although the ancient mode was to declare in *case* on a warranty, it had been long settled that *assumpsit* would also lie. *Stuart* v. *Wilkins,* Doug. 18. The reporter may have been mistaken in saying that either count was in assumpsit; for the judge who delivered the opinion of the court said, that the *gist* of the action in *both* counts was a deceit or misfeasance, in delivering the plaintiff a distempered horse. But whatever was the form of action, it is enough that the court proceeded on the ground that both counts were substantially alike. It was admitted that torts and contracts could not be joined in the same declaration; and the like rule was laid down in *Church* v. *Mumford.*

The manner in which the breach is alleged does not determine the form of the action. In assumpsit, it is not unusual after setting out the contract, to allege for breach that the defendant *contriving and fraudulently intending* to injure the plaintiff, did not regard his promise, but *craftily and subtily deceived* the plaintiff, &c. ; and this form is often followed, not only in actions against bailees and others where case would also lie, but in cases where assumpsit is the only remedy. In declaring upon contracts, it is always a sufficient breach to show that the defendant did not perform his engagement: and if the plaintiff goes further and alleges that the defendant *fraudulently and deceitfully* violated his promise, it neither changes the form of the action, nor varies the proof to be given on the trial. Lawes' Plead. in Assump. 259. *Evertson* v. *Miles,* 6 Johns. R. 138.

Judgment reversed.