# M'Call *against* Forsyth.

For an injury done to a passenger by the upsetting of a stage-coach, the remedy of the party may be either *assumpsit* or case; if the former be adopted, the plaintiff, to entitle him to recover, must prove the liability of all the parties sued; but if the latter, he may recover against those of the defendants who are liable.

ERROR to the District Court of *Allegheny* county.

John Forsyth brought this action on the case against William M'Call, Abraham Horbach, Samuel Reisher, James Spratt and Samuel Elder, to recover damages for an injury done to him by the upsetting of the defendants' stage. M'Call and Horbach were alone served with process, and for them alone was there any appearance or plea.

The defendants took the ground that the plaintiff could not recover unless he proved that all the defendants sued were partners or part owners of the stage in which the plaintiff received the injury alleged in his declaration.

GRIER, President, instructed the jury that the plaintiff's position

[M'Call v. Forsyth.]

was not tenable: and the jury rendered a verdict for the plaintiff for $500 damages.

*Dunlop*, for plaintiff in error. The point raised has been differently decided in England. In the Common Pleas (5 *Bos. & Pul.* 365, 454) it was held to be an action *ex contractu;* but this was reversed in the King's Bench and Exchequer, 12 *East* 89; 3 *East* 62. In Pennsylvania the doctrine of the Common Pleas has been recognised and expressly sanctioned; 6 *Watts* 47; 7 *Watts* 175; 6 *Watts* 9. The leading cases on the subject are found in 2 *Show.* 478; 3 *Lev.* 258. It was originally called an action of *assumpsit,* though in form a suit on the custom of the realm; and it was held could not be joined with trover. 1 *Salk.* 100. Lord Ellenborough required parties to be joined in an action of deceit in a warranty by two. 12 *East* 452. It is also worthy of consideration, that if the doctrine of the court below be sustained, it leads to the result that the whole burthen of the misfortune may be thrown upon one of the owners, without the right to resort to the others for contribution; 8 *Term Rep.* 186.

*Findlay, contra.* The principle seems to be clearly recognised that the party may elect to sue on the contract, or charge the defendants in an action on the case sounding in tort; and there is no reason why he should be deprived of this election. The cases cited on the other side are those of non-feasance, whereas this is a case of mis-feasance, and this distinction is taken by Kennedy Justice, in 7 *Watts* 79. We think the point is clearly settled in England by the highest tribunals; 7 *Eng. Com. Law Rep.* 343, 2 *Chit.* 1. See also 3 *Wend.* 158; 2 *Penn. Rep.* 295.

The opinion of the Court was delivered by
Rogers, J.—We affirm this judgment on the authority of the case of *Brotherton and others,* (7 *Eng. Com. Law Rep.* 343, 2 *Brod. & Bing.* 54); *Ansell* v. *Waterhouse,* (18 *Eng. Com. Law Rep.* 227, 2 *Chitty* 1); *Bank of Orange* v. *Brown,* (3 *Wend.* 158); to which may be added *Zell* v. *Arnold,* (2 *Penn. Rep.* 297). Chief Justice Savage, in *The Bank of Orange* v. *Brown,* (3 *Wend.* 158), reviews all the authorities which bear on the question, and comes to the conclusion (in which we concur) that the true rule is, that an action solely on the custom is an action of tort; that the plaintiff has his choice of remedies, either to bring *assumpsit* or case; and that when one or other form of action is adopted, it must be governed by its own rules. That an action against a common carrier upon the custom, is founded on a breach of duty; that it is a tort or mis-feasance. The declaration here is for a tort or mis-feasance *ex delicto,* and not in contract; the plea not guilty: and from this it follows that the action is joint or several, and as a necessary consequence a recovery may be had of one for an injury

[M'Call v. Forsyth.]

done by two or more of the joint tort-feasors. There was therefore no error in ruling that it was unnecessary to prove that all the defendants were partners, because they were jointly and severally liable for the tort or mis-feasance charged in the declaration.

Judgment affirmed.