THOMAS ASHLEY *vs.* LAURENS M. ROOT & others.

A principal may recover, in an action of tort against his agent, for all the damages caused by the latter's breach of duty, including his neglect to pay over on demand money which he has collected as agent.

A printed copy of the statute laws of another state, passed at a single session of the legislature, and purporting to be published by authority of the government, is admissible in evidence.

A bill of exceptions which has been allowed by a judge of the superior court cannot be amended in this court by agreement of parties, without his consent.

THE writ in this case averred that the action was " an action of contract, or an action of tort, both being for one and the same action." The declaration contained but one count, setting forth that the defendants, who were agents for lending money in Lyons, Iowa, undertook to collect for the plaintiff a note for $2500, given for money lent by him in Iowa through their agency, and by their fraudulent, wrongful and negligent conduct succeeded in collecting only $2250 thereof, and refused to pay to him that sum, though requested. The action was tried as an action of tort.

At the trial in the superior court, before *Vose,* J., the defendants were allowed to read in evidence from a pamphlet purporting to be the " Acts, Resolutions and Memorials, passed at the regular session of the Fourth General Assembly of the State of Iowa," having upon it " the certificate of the secretary of state of Iowa," for the purpose of showing that the money for which the note was given was lent upon a usurious rate of interest, and that a penalty was imposed by the laws of Iowa upon such loans, and that they acted discreetly and prudently in the arrangement and settlement made by them, by which they received the $2250. The plaintiff objected to the admission of

this evidence on the ground that the pamphlet purported to contain the acts of a single session merely; but the objection was overruled.

The judge instructed the jury that the plaintiff was not entitled to recover in this action the sum of $2250 collected by the defendants, and in their hands as the plaintiff's agents.

The jury returned a verdict for the plaintiff, with a small sum as damages; and he alleged exceptions.

At the opening of the argument in this court, *Bates* applied to the court for leave to amend the exceptions by making certain changes therein, which were agreed to in writing by the defendants. BIGELOW, C. J., after consultation with his associates, stated that the amendment could not be allowed, unless made by or with the consent of the judge who presided at the trial; because the alteration of a bill of exceptions which had been allowed by him might change the whole aspect of the case, and do injustice to him.

*W. G. Bates,* for the plaintiff.

*J. Wells, (E. H. Lathrop* with him,) for the defendants.

CHAPMAN, J. The instruction to the jury that the plaintiff was not entitled to recover in this action the sum of $2250 collected by the defendants and in their hands as his agents was erroneous. The defendants' counsel contends that it was correct, because the declaration is in tort, and this sum can only be recovered in an action of contract. It is true that the declaration is in tort. It alleges among other things that the defendants were the agents of the plaintiff, and as such undertook to collect and secure a certain note of $2500; that they collected the sum of $2250 on the note, and lost the balance, and refused to pay over the money collected upon the plaintiff's demand, and that their conduct was negligent and fraudulent and a breach of their duty as agents.

This is one of the numerous classes of cases where a party may elect to sue either in contract or tort. At common law he might sue in assumpsit for breach of contract, or in case for breach of duty. The general rule is well stated in *Courtenay* v. *Earle,* 10 C. B. 73, that where there is an employment, which

employment itself creates a duty, an action on the case will lie for a breach of that duty, although it may consist in doing something contrary to an agreement made in the course of such employment, by the party on whom the duty is cast. See also *Church* v. *Mumford*, 11 Johns. 479, where the doctrine is applied to the case of a breach of duty by an attorney; and *Howe* v. *Cook*, 21 Wend. 29 ; *Gilbert* v. *Williams*, 8 Mass. 51 ; *Dearborn* v. *Dearborn*, 15 Mass. 316 ; *Dwight* v. *Brewster*, 1 Pick. 50. The jury should have been instructed that the plaintiff could recover in an action of tort for all the injury which had been caused by the defendants' breach of duty, whether in the loss of security or the neglect to pay over on demand the money which they had collected as his agents.

The proof of the statutes of Iowa was in conformity with the provision of Gen. Sts. *c.* 131, § 63.

As to certain other questions argued in respect to the admission of testimony, they may not arise upon a new trial, and therefore it does not seem to be necessary to decide them.

*Exceptions sustained.*