ANTONIO DA COSTA *et al. d. b. a.* EAST PROVIDENCE FURNITURE CO. *vs.*

MARY ROSE.

MAY 31, 1945.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

BAKER, J. Heard on defendant's exception to the refusal of the superior court to grant her motion to stay, recall and quash an execution issued by that court upon a judgment entered therein in favor of the plaintiffs against her.

In the instant case this court, in an opinion reported in 70 R. I. 163, sustained an exception of the defendant to the decision of the trial justice, unless the plaintiffs elected to accept simple damages in the sum of $1449.49, in lieu of the amount of $2898.98 as fixed by him. Thereafter the plaintiffs made such an election and filed a remittitur of all of the decision in excess of $1449.49, and a judgment in their favor for that sum with costs was then entered. The execution, which is the subject of the defendant's present motion, was duly issued, on said judgment, against the goods, chattels and real estate of the defendant, and for want thereof against her body.

The question which the defendant now raises by her exception is whether or not the execution should run against her body. This matter is dealt with in general laws 1938, chapter 552, §11, which reads in part as follows: "An execution, original, alias, or pluries, may issue against the body of a defendant not exempt from arrest in an action, whenever the same shall have been brought upon a penal statute, or in trover, replevin, detinue, trespass, trespass on the case . . . ."

The defendant contends in substance that the instant case, in view of the pleadings, the evidence presented at the trial,

and our reported opinion hereinbefore referred to, is in essence an action of assumpsit, and that, therefore, the execution in the plaintiffs' favor should not run against the defendant's body, as imprisonment for debt is not, under ordinary circumstances, permissible. The plaintiffs, on the other hand, maintain that the present case sounds in tort and is properly brought as an action of trespass; that the language of §11, *supra,* should be adhered to literally; and that the execution in question which was issued to them by the superior court was proper in form. After careful consideration it is our judgment that this case is not in effect an action of assumpsit for money had and received, but that it is, as described in the writ and pleadings, an action of trespass under the statute, and that the execution in question was properly issued, as the plaintiffs argue.

The record shows that the instant case was begun by a writ of summons issued against the defendant "in an action of trespass under the statute". The statute thus referred to is G. L. 1938, chap. 478, §1, which is as follows: "Whenever any person shall suffer any injury to his person, reputation or estate, by reason of the commission of any crime or offense, he may recover his damages for such injury, either in an action of trespass, or in an action of the case, against the offender, and it shall not be any defense to such action that no criminal complaint for such crime or offense has been made; and whenever any person shall be guilty of larceny, he shall be liable to the owner of the money or articles taken for twice the value thereof, unless the same be restored, and for the value thereof in case of restoration."

The declaration which was filed with the writ is in one count and after alleging that the defendant was employed by the plaintiffs as bookkeeper and cashier and had in her care and custody the books and funds of the plaintiffs, and after alleging her duty in that regard continues as follows: "The plaintiffs aver that on or about December 12, 1940, and at divers times thereafter plaintiffs requested said defendant to turn over to them the said sums of money that

the defendant had received and has failed to account for, but said defendant—maliciously intending to defraud said plaintiffs—not only refused and neglected to turn over said sums of money as aforesaid, but has since refused to repay said sums of money and the plaintiffs allege that the defendant has used said sums of money for her own use." The declaration then ends with a reference to the above statute, and with a claim that an action had accrued to the plaintiffs to recover double the value of the moneys alleged wrongfully withheld by the defendant. In other words, it is plain from the writ, which was in trespass according to the provisions of the statute, and from the declaration, that the plaintiffs were proceeding, not in assumpsit, but under the statute, because they contend that they have suffered an injury by reason of the commission of an alleged crime or offense within the purview of said statute.

The defendant calls our attention to the case of *Royce, Allen & Co.* v. *Oakes,* 20 R. I. 418, as supporting in principle her present contention. In our opinion that case is clearly distinguishable from the instant one. The *Oakes* case was before this court on a demurrer to the amended declaration, the action being trespass on the case. In sustaining the demurrer the court reviewed fully and with care authorities dealing with the fundamental distinction between actions sounding in tort and those sounding in contract and decided that, as pleaded, the action before it sounded in contract and should have been assumpsit for money had and received, and that the action of trespass on the case would not lie. In that action, however, the statute, now §1, *supra,* providing for the recovery of damages because of injuries to a plaintiff's estate by reason of the commission of any crime or offense by a defendant, was not declared on and was in no way involved. On the other hand, in the instant case no such demurrer was filed and a tort under that statute is the very basis of the plaintiffs' claim and case as it was presented to us.

As the present action, therefore, has ben considered to be

properly trespass and not assumpsit, we find that §11, *supra,* is applicable, and that the execution in question may legally run against the defendant's body for want of her goods, chattels and real estate. In our opinion the ruling of the superior court denying the defendant's motion was without error.

The defendant's exception is overruled, and the case is remitted to the superior court for further proceedings.

### ON MOTION FOR REARGUMENT.
#### JULY 10, 1945.

PER CURIAM. After the filing of our last opinion deciding that the execution issued in this case was, in the circumstances, properly in trespass, the defendant, by leave of court, filed a motion for reargument.

As we understand it, the gist of her present contention is that since this case involved a charge of embezzlement only, the plaintiffs, in attempting to recover the money allegedly withheld, should have brought their writ and declaration in case and not in trespass, because only actions involving direct force should be brought in trespass under the statute; and that this would affect the nature of an execution issued after judgment, thus entitling defendant to have the execution quashed.

In our opinion it is now too late for the defendant to raise this question for the first time. She did not demur to the declaration as filed or attempt to attack the plaintiffs' pleadings in any other way. The case proceeded to a determination on its merits on the original writ and pleadings which were all in trespass. As far as this case is concerned, therefore, it was an action of trespass under the statute and was so treated by the parties and the trial justice. In these circumstances the defendant's contention has no force and cannot be considered now as a ground for reargument.

Motion denied.

*Tillinghast, Morrissey & Flynn, M. Walter Flynn, Robert J. Conley, James H. Hagan,* for plaintiffs.
*Philip S. Knauer, Charles Z. Alexander,* for defendant.